UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,            Criminal No. 07-376(2) (DWF/RLE)

           Plaintiff,

v.            **ORDER AND MEMORANDUM**

Laurel Suzanne Sargent,

           Defendant.

---

Leshia M. Lee-Dixon, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Caroline Durham, Assistant Federal Defender, Office of the Federal Defender, counsel for Defendant.

---

This matter is before the Court upon Defendant's motion for an order sealing specific documents in the above-entitled matter. (Doc. No. 85.) The motion is unopposed by the United States. The United States filed its own motion to seal that is unopposed by the Defendant.

Based upon the presentations of the parties, and the Court having reviewed the contents of the file in this matter, including the documents in question, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Defendant's Motion to Seal (Doc. No. 85) is **GRANTED**.

2. The United States' Motion to Seal is **GRANTED**.

Dated: July 8, 2009    s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court

## MEMORANDUM

Both motions have been brought in good faith. The Court has reluctantly granted the motions in substantial part because that is the practice across the District of Minnesota and the federal courts across the United States, even though the courts rarely, if ever, sealed such documents prior to Electronic Case Filing ("ECF"). Presently, the Court, while granting the motions, must observe that these documents are customarily sealed for administrative convenience and apparently for safety reasons since the advent of ECF. The Court says "apparently" because the rules with respect to sealing such motions are in effect for all cases.[1]

---

[1] The Advisory Committee Note to Rule 49.1 of the Federal Rules of Criminal Procedure outlines the Judicial Conference Committee on Court Administration and Case Management "Guidance for Implementation of the Judicial Conference Policy on Privacy and Public Access to Electronic Criminal Case Files" which was implemented in March 2004. The focus of the policy is appropriately on limitations on remote and electronic access to sensitive materials in criminal cases. However, without explanation, the policy goes on to advise restricting the access the public had prior to electronic case filing, namely, coming into the Clerk of Court's Office and viewing either on a screen or the physical file itself the documents that used to be in a public case file. Examples of such documents would be motions for downward departure based upon substantial

(continued...)

It should indeed be the rare case where transcripts are sealed, motions and plea agreements are sealed or redacted, and courtrooms are sealed. This Court cannot take issue with attorneys bringing such motions in good faith to seal such documents, especially if courts continue to be willing to sign off on them. Currently, motions for substantial assistance are often sealed so that no one but the parties are aware that the motion has been made. Unlike the practice prior to ECF, many plea agreements, with substantial assistance provisions, even when those paragraphs are generically stated, are now sealed or the substantial assistance provisions are removed. In some districts across the country, the paragraphs are renumbered so that, in fact, the plea agreement filed on ECF is not an authentic document because one or more terms of the plea agreement have been removed. Apart from the constitutional implication of such an approach, a judge is somehow supposed to say at the time of sentencing, in a courtroom open to the public: "I am reducing the defendant's sentence by [X] number of months. This is based upon the motion that was sealed, which I cannot discuss." Or, the judge reduces the sentence without any reference to the reasons for the reduction, including any reference to

---

[1](...continued)
assistance and the plea agreement itself. The consequence of this policy in sealing such documents does not end with the sealing of the documents themselves. On an all too frequent basis, memorandums addressing sentencing are being sealed even though, for example, only four sentences of a nine-page document may relate to a cooperation issue. Again, the better practice would be to either redact those four lines, rather than seal the entire memorandum, which the policy now permits and advises. Even more preferably, from the Court's point of view, the documents should be made available as they were prior to ECF by physically coming into the Clerk of Court's Office and viewing them, but not be made available by remote electronic access, except to the parties themselves.

substantial assistance. When that happens, the interests of justice are not served and the public loses confidence and trust in the criminal justice system. The public expects and is entitled to receive an explanation from a sentencing judge as to why the judge has arrived at the specified sentence.

Moreover, the more transparent the civil and criminal justice system is, the more the non-lawyering public understands about how our system works and why judges do what they do, whether it is accepting a plea agreement in a criminal case, imposing a sentence in a criminal case, or rendering a decision or verdict in a civil case. And the more the public understands why courts do what they do, the more confidence and trust the non-lawyering public will have in our civil and criminal justice system. For these reasons, the Court has an obligation to exercise constitutional vigilance in providing access to the public and all interested parties to our justice system.

The better practice, in the Court's view, would be to e-file such documents with restricted status so that they are only available either on-line in the Clerk of Court's Office or by inspecting and reviewing the file itself. Of course, documents can always be made available to the parties on-line.

For the reasons stated, the Court has reluctantly granted the respective motions of the parties. In this case, the interests of justice would be better served if the documents were e-filed with restricted status so that they would be available only on-line in the Clerk of Court's Office or by inspecting and reviewing the file in the Clerk of Court's Office. In this way, the documents are not available via the Internet, but the United States District

Court remains open and accessible to the public as contemplated by the Constitution. Such a practice would better serve the public interest and the interests of justice, while still protecting the safety of family members of criminal defendants or others who may be impacted by a cooperation agreement.

D.W.F.